## Case No. 10,957.

PENNY v. TAYLOR.

[10 N. B. R. (1874) 200.] [1]

District Court, S. D. Mississippi.

BANKRUPTCY — POWER OF COURT TO ENJOIN — HOMESTEAD EXEMPTION—JOINT JUDGMENT— TERMINATION OF JURISDICTION.

1. The bankrupt court has jurisdiction to enjoin parties from proceeding to judgment and

[1] [Reprinted by permission.]

execution in a state court during the pendency of proceedings in bankruptcy.

2. Where the declaration of bankruptcy has been suggested and not denied, the plaintiff is estopped from further proceeding with his suit in the absence of an order authorizing it.

3. Although a conveyance by a father to his son may be void as to creditors on account of fraud, the father is not thus deprived of his right to an exemption out of the property for a homestead.

4. A joint judgment against the bankrupt and a third party does not in any way affect the right of the plaintiff to proceed against the third party, even though enjoined from enforcing execution against the bankrupt.

5. The jurisdiction of the bankrupt court ceases with the granting of a discharge, and the plaintiff may then apply direct to the state court for relief. Bill dismissed, each party to pay his own costs.

[Cited in Adams v. Crittenden, 17 Fed. 45.]

[This was a proceeding by William Penny against A. H. Taylor. Heard on demurrer.]

HILL, District Judge. The questions now presented arise upon the defendant's demurrers to complainant's bill, some of which, although not necessary for the decision of this case under the conclusions to which I have arrived, are yet important as principles applicable to other cases, and will, therefore, be briefly stated.

The bill states that the complainant, in October, 1868, filed in this court his petition, praying to be declared a bankrupt, and for the benefits of the bankrupt law [of 1867 (14 Stat. 517)], that he was so declared, and, in November, 1868, obtained from the register a certificate of protection; that a suit was pending against him in the circuit court of Chickasaw county, brought by defendant to recover the amount due upon a promissory note executed by one Murdock and himself, in 1859, for the sum of six hundred and twenty-six dollars and eighty-seven cents; that at the February term, 1869, of said court, he suggested his bankruptcy, and asked for a continuance of said cause as to himself, until the question of his discharge should be determined, but that said application was refused, and judgment rendered against him for the sum of eleven hundred and ninety-one dollars and thirty-three cents; that, on the 3d day of March, 1870, by decree of this court, he was duly discharged from all his debts and liabilities existing on the 22d day of October, 1868, and obtained a certificate accordingly; that, in the course of said bankrupt proceedings, the assignee set off to him, as a homestead, the tract of land upon which he then resided, but which, in March, 1867, he had conveyed, for a valuable consideration, to his son, C. Penny, who was then a minor, under twenty-one years of age; that, in claiming said homestead in his petition, the facts were stated and the claim made upon the presumption that said conveyance was void by reason of said minority. The report of the assignee was not excepted to, and was

confirmed. But that in November, 1872, defendant caused to be issued upon said judgment an alias execution, and to have the same levied upon said tract of land, and the sale thereof advertised to be had on the 3d of March, 1873, and prays that said proceedings be enjoined.

The demurrer admits the facts stated. The question is, do these facts so admitted entitle the complainant to the relief sought? There are numerous grounds of demurrer stated, some of which need not be considered, but only such as present important principles, and should be settled as rules of decision in such cases.

First. It is insisted that this court has no jurisdiction to enjoin parties from proceeding to judgment and execution in a state court during proceedings in bankruptcy, and that the judgment having been rendered subsequent to the commencement of the bankrupt proceedings, created a new debt and was not discharged by the decree. The constitutionality of the bankrupt law, has not and cannot be successfully assailed, and, by its provisions, the declaration of bankruptcy, without more, enjoins the commencement or further prosecution of any and all suits for the recovery of any demand provable under the act, until the question of discharge shall have been determined; and further provides that, upon the production of evidence of a declaration of bankruptcy, the cause shall be suspended in the court in which it may be pending, except when the amount in suit may be disputed; in such case, by order of the court of bankruptcy, the plaintiff may proceed to ascertain the amount due by the judgment of the state court, but at that point the proceedings are suspended until the question of discharge is determined. This is done both to relieve the bankrupt court and to convenience the parties, but can only be done by order of the bankrupt court, the forum upon which, necessarily, all jurisdiction as to the bankrupt's estate and the demands upon it are, immediately upon the declaration of bankruptcy, conferred. The practice is for the bankrupt to suggest his bankruptcy; if not denied, it is considered admitted; if denied, then he must establish it by proof. The effect of the declaration of bankruptcy, as stated, is, of itself, an injunction against the further prosecution of any suit or other proceedings to enforce payment of a demand provable under the bankruptcy proceedings except in the case stated, and the creditor or plaintiff who, knowing that such declaration has been made without such permission, attempts to proceed further with his suit, is in contempt of this injunction, and his proceedings must be held illegal and void so long as the injunction continues. The declaration of bankruptcy having been suggested and not denied, estopped the plaintiff from further proceeding with his suit in the absence of an order authorizing it, and, if there was such order, from any further attempt to enforce it until

the question of discharge had been determined, or the injunction created by law dissolved by order of the bankrupt court; and the discharge having been granted, and its correctness not then questioned or since set aside, this debt must be held as discharged, it being clearly provable under the bankruptcy, but which the defendant declined in any way to do, but, upon the contrary, has entirely ignored and treated the same with contempt.

It is further insisted, by way of demurrer, that the complainant had, by the conveyance to his son, divested himself of all title or claim to the land, the sale of which is sought to be enjoined, and hence, having no interest in the land, he has no standing in court. The transfer made by the bankrupt to his son, as between them, divested him of his title and ownership, but if made with the intention of defeating his creditors of the means of collecting their debts, the conveyance was void as to them, but, although void, would not deprive him of his homestead right, and hence the necessity of claiming it if such fraud existed. If it was a conveyance in good faith for a valuable consideration and no fraud existed, which would upon general principles avoid it, the defendant having no lien upon it before the bankruptcy, he cannot now assert any, nor can any other creditor, so that the only question would be between the bankrupt and his son, who might not choose to assert it as against his father's right of homestead, so that in any event the homestead having been set off to the bankrupt, as against the defendant and his other creditors, he has a right to protect it. Again, it is insisted that the judgment enjoined is a joint judgment against Murdock and complainant, and that it is enjoined as to Murdock without his being made a party to the proceedings; this is an entire misapprehension; the injunction in no way affects defendant's rights against Murdock, but only enjoins the enforcement of the execution as against complainant.

It is also claimed as ground of demurrer that neither the land nor defendant's judgment were before the bankrupt court, or passed upon by it. This is also a mistake; the bankrupt did bring his claim to the land before the court, and it was set off to him as a homestead. The bankrupt also, by his schedule, brought the claim before the court, and if the defendant did not choose to prove it, it was his own neglect, and he must suffer the consequences. If the conveyance made by the bankrupt to his son was void, and the bankrupt has no interest in it as a homestead, then it should be sold for the benefit of all the creditors, no lien having attached to it at the time of the commencement of the proceedings in bankruptcy. But it is insisted that no matter how these questions may be, this court has no jurisdiction to enjoin parties from proceeding in state courts, and that when parties first commence proceedings in the state courts, they cannot be enjoined from obtaining their judgments and enforcing them

in such courts. Were this position correct, it would defeat the very end and purpose of the bankrupt law, with its just and humane provisions. It is unnecessary to go beyond the act itself to find the most full and complete jurisdiction conferred upon the bankrupt court, of the bankrupt, his estate of every kind, accrued or possessed by him at the date of the bankruptcy, and of all persons having any claims thereon, and the most full and ample powers are given to the bankrupt court, to make such orders and decrees upon all such persons as will secure the object of the law, namely, the assertion and protection of the rights of all parties who have priority, and an equal distribution among the general creditors of the remainder, and the discharge of the bankrupt from liability when entitled to it under the provisions of the law. Were it necessary to strengthen the position by reference to adjudicated cases, they will be found unanimous, with one or two exceptions, and which, when the facts in these one or two cases are considered, will scarcely be found exceptions. That the complainant is clearly entitled to the relief sought, as stated in his bill, I have no doubt. The only doubt is as to the forum in which he should assert his rights. The jurisdiction is full and complete in this court until the granting of the discharge, and the estate is completely wound up and closed. There must, however, be a time when its jurisdiction ceases. The decree of discharge and certificate furnish the bankrupt with the means of defense, of which he can avail himself in any court of justice, state or national. It also furnishes a means of defense to all others who may have rights derived from the bankrupt court, and to which, but for such transfers, the bankrupt could have availed himself, had such transfer not been made as against those claiming demands against the bankrupt.

The order and decrees of the bankrupt court, like the judgment and decrees of all other courts of record, when the court has jurisdiction of the subjected matter and of the person, must be held conclusive until reversed or set aside by proper proceedings for that purpose. The record shows that the petition for discharge was filed the 6th of May, 1869, within proper time; the discharge was granted in 1870, the estate having been wound up and settled and the assignee discharged November 6th, 1869. I am therefore of the opinion that, with the granting of the discharge and furnishing the bankrupt with his certificate, the jurisdiction of this court ceases, and that the complainant's remedy is either by an application to the judge of the court in which the judgment was rendered, and from which the execution issued, for a supersedeas of the execution, or to the chancellor of the district in which the land lies, for an injunction, either of which, I doubt not, has jurisdiction, and will afford the relief. Such being the case, for the cause stated, the de-

murrer must be sustained, and the bill dismissed, but without prejudice to the complainant to assert his rights in the proper forum. This question of judgment being a new one, not only in this court, but in all others, so far as I am informed, and being of the opinion that the defendant, by his course, is not entitled to his costs, each party must pay his own costs.